1

FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
AT ALEXANDRIA

2007 JUN 28 P 4: 38

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

**MOHAMMAD ZAHID ASLAM,** Pro Se,

**Plaintiff/Petitioner,**

vs.

**Alberto Gonzales,** Attorney General, **Michael Chertoff,** Secretary of the Department Of Homeland Security, **Robert S. Muller,** Director of Federal Bureau of Investigation, **Emilio T. Gonzalez,** Director of United States Citizenship and Immigration Services.

**Defendants**

Case No.: **Case No. 1:07CV331**

**USCIS File No. A 076 185 004**

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Mohammad Zahid Aslam, Pro Se, files this opposition to Defendants' motion for an order dismissing the action pursuant to Rules 12(b)(1);(b)(6) of the Federal Rule of Civil Procedure and 8 U.S.C 1252(a)(2)(b). In its Motion to Dismiss, Defendants assert that the court lacks jurisdiction over the action and that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff maintains that the court retains subject matter jurisdiction over the action because mandamus does lie and Defendants owe a duty to Plaintiff to complete his adjudication within a reasonable time. Plaintiff further states that Defendants have failed to show why FBI name check has not been completed for more than Twenty Six (26 months) since April 1, 2005 when FBI received the first name check request from CIS and if FBI is diligent in trying to complete the name check within a specified period of time. Finally, Plaintiff is not seeking



Mohammad Zahid Aslam
5510 N. Morgan St, Apt#304
Alexandria, VA 22312
Tel:(703) 354-6664
Cell:(703) 582-5820
zzahid@hotmail.com

preferential treatment but rather that Defendants take action as delegated to them under the Immigration and Nationality Act.

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

Plaintiff, Mohammad Zahid Aslam legally came to America on Jan 24, 1991 with his family (Parents and 2 siblings) at the age of sixteen (16), and has been living in America legally for the past Sixteen and a half years continuously as a law abiding person. He completed his High School and College from New York. On January 1st, 2005 he married an American citizen. On February 21, 2005, Plaintiff and his wife filed I-485 application with USCIS seeking to adjust Plaintiff's status to lawful permanent resident based on (I-130) marriage to a USA born citizen (hence, no longer under section 13 of I-485). At this time, the FBI name check appears to be the only reason for the delay in adjudication of Plaintiff's I-485 application.

## ARGUMENT

### Jurisdiction under Mandamus 28 U.S.C 1361

Under 28 U.S.C 1361, district courts have original jurisdiction to compel an officer of the United States to perform his duty. While the duty is often mandatory or ministerial, the duty may also be in the exercise of discretion. Although an officer may have discretion to adjudicate an application, he has a non-discretionary duty to process the application. Failure to perform such duties can be contrary to law for mandamus to lie. Davis v. Shultz, 453, F.2d 497, 502 (3rd Cir. 1971), Naporano Metal and Iron Company v. Secretary of Labor, 529 F.2d 537 (3d Cir. 1976).

Jurisdiction exists to challenge a U.S official's authority to "take or fail to take an action as opposed to a decision taken with...discretion." Patel V. Reno, 134 F.3d 929 (9th Cir. 1997). Plaintiff is not challenging a decision within the discretion of the officer, but challenging the



Mohammad Zahid Aslam
5510 N. Morgan St, Apt#304
Alexandria, VA 22312
Tel:(703) 354-6664
Cell:(703) 582-5820
zzahid@hotmail.com

application under 8 U.S.C 1255(a).

Furthermore, the Administrative Procedures Act (APA) also imposes a clear duty on Defendants to act on Plaintiff's application.. 555(b) and 706(1). Because of the lengthy delay by the Defendants, Plaintiff is seeking an order from this court to compel the Defendants to expeditiously adjudicate his application within a reasonable time. Defendants' actions are discretionary but not in their duty to adjudicate within a reasonable time. It is not disputed that Defendants have discretion in the process and to decide whether to grant or deny Plaintiff's adjustment of status application but they do not have discretion not to act in reasonable time.

Courts have indicated that jurisdiction does exist under the mandamus statue. Razik v. Perryman, No. 02 C5189, 2003 U.S Dist. LEXIS, 13818 (N.D. Ill. Aug.7, 2003); Fu v. Reno, No. 3:99-CV-0981-L, 2000 U.S. Dist. LEXIS 16110 (N.D. Tex. Nov. 1, 2000); Paunescu v. INS, 76F. Supp. 2d 896 (N.D. Ill. 1999).

Defendants contend that 8 U.S.C 1255 provides the Attorney General discretion without any time frame for adjudication of an adjustment of status application. Although no specific time appears on face of statute or regulation, adjudication should be within a reasonable time. Yu, 36 F.Supp. 2d at 932; Agbemaple 1998 WL 292441 at 2. Lack of a specified deadline within the statute does not lessen Defendants' duty to Plaintiff to adjudicate the petition. Razaq v. Poulous, 2007 WL 61844, at *4 (N.D. Cal. Jan.8, 2007)("The fact that neither the statute nor regulations establish a specific deadline does not change the character of the duty itself… Congress expected the executive branch to receive applications of this kind and then to 'adjudicate' them to decision").

Reasonableness of the delay is a factual determination to be determined on a case by case basis. Yu, 36F. Supp. 2d at 953. One can also look to internal operating procedures or what the average adjudication time is for adjustment of status applications, such as processing reports[1].

[1]The typical processing time for I-485 applications to Adjust Status can be found in the processing Time Report for the Washington DC District office which as of June 15,2007, shows the CIS adjudicating cases filed on Sept 15, 2006.[Exhibit 4].



Mohammad Zahid Aslam
5510 N. Morgan St, Apt#304
Alexandria, VA 22312
Tel:(703) 354-6664
Cell:(703) 582-5820
zzahid@hotmail.com

Section 202 of Title II of the American Competitiveness in the Twenty-First Century Act of 2000 (AC21) provides that immigrant applications should be completed no later than 180 days after initial filing. 8 U.S.C 1571. The APA also provides a timing provision which states that agency action should be concluded within a reasonable time. See Forest Guardians v. Babbitt, 174 F.3d 1178 (10th Cir. 1999); Haidari v. Frazier, 2006 U.S Dist. LEXIS 89177, *9-11(D.Minn. 2006).

Courts have found cases where adjustment of status applications have been pending for over 6 to 24 months unreasonable. See Galvez v. Howerton, 503F. Supp. 35, 39(C.D. Cal. 1980); Paunescu, 76F. Supp. 2d at 901-02; Agbemaple, 1998 WL 292441; Yu, 36 F. Supp. 2d at 931-32. Recently this court granted judgment on a similar mandamus case with respect to the CIS's duty to adjudicate the plaintiff's I-485 application; Nastroya v. Chertoff, No. 1:07cv190(E.D. VA) (Defendant's Motion to Dismiss Exhibit 3). In the instant case, it cannot be concluded beyond a doubt that Defendants' delay is reasonable. Thus, a factual issue remains in Plaintiff's case as to whether the Defendants' Two Years and two months delay is reasonable or unreasonable.

Defendants' contend in their Motion to Dismiss that in essence Plaintiff is seeking court mandated preferential treatment because a grant of mandamus would compel the processing of their applications out of order and moved to the top of proverbial pile over other applicants who have waited even longer; Motion to Dismiss, p. 19. However, plaintiff is not seeking to jump ahead of others, but merely that the Defendants fulfill their duty to act on his application for adjustment of status in a timely manner. In further support of their failure to act in a timely manner, Defendants' argue policy concerns that permitting mandamus acts would unfairly favor applicants with the means to file litigation actions.... Motion to Dismiss, p. 19. However, without the relief of mandamus, immigration officers could withhold a decision unfettered or fail to exercise their discretion indefinitely. Mandamus actions provide an aggrieved party a last



Mohammad Zahid Aslam
5510 N. Morgan St, Apt#304
Alexandria, VA 22312
Tel:(703) 354-6664
Cell:(703) 582-5820
zzahid@hotmail.com

resort to challenge an agency's action or inaction. Defendant's argument that mandamus actions would allow for litigious applicants to be moved to the top could be used to argue against mandamus actions in general. However, Congress has provided through applicable provisions of the APA and the Mandamus Act that agencies should conclude matters before them within a reasonable time. Mandamus actions serve to highlight deficiencies in agency inaction whereby the federal courts may intervene.

Defendants have failed to provide evidence showing that they acted diligently in adjudicating plaintiff's I-485 application. In their Supplement filing, Defendants included a declaration from Michael A. Cannon section chief of the FBI's National Names Check program section, in which Mr. Cannon simply states that Plaintiff's name check was submitted for check by USCIS on April 1st, 2005 which has not been completed and again on July 22, 2005 which has not been completed. On June 1, 2007 (1 business day before the defendants' deadline of 60 days to respond to the court) the plaintiff received a new fingerprint appointment from the USCIS. The old fingerprints had been expired for almost Eleven months (11 months). The old fingerprints had expired on July 5, 2006 per Susan P. Dibbins, The Field Office Director for USCIS (Declaration of Susan P. Dibbins p.4). Also On June 1, 2007 (1 business day before the defendants' response day to the court until an extension was authorized on Monday 4th of June, 2007) the IBIS checks were once again initialized and concluded (Motion to dismiss. pg 6). If any, law enforcement concerns are there to prevent the timely completion of the name check. Because Plaintiff has a clear right to the relief requested, Defendants have a clear duty to adjudicate Plaintiff's adjustment of status application, and no other adequate remedy is available, the relief of mandamus is warranted.

**B. The Administrative Procedure Act Provides a Cause of Action For an Agency's Unreasonable Delays or Failure to Act**

Courts have also found jurisdiction under 28 U.S.C 1331 and the APA. Saleh v. Ridge, 367 F. Supp.2d 508(S.D.N.Y.2005); Wang v. Reno, No. 01 Civ. 1698(BSJ), 201 U.S. Dist.



Mohammad Zahid Aslam
5510 N. Morgan St, Apt#304
Alexandria, VA 22312
Tel:(703) 354-6664
Cell:(703) 582-5820
zzahid@hotmail.com

LEXIS 15577,(S.D.N.Y. Sept. 27,2001). The Administrative Procedures Act (APA) provides a cause of action when the government unreasonably delays action or fails to act altogether. 5 U.S.C 555(b) and 706(1). The APA states that federal courts can "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C 706(1). Agency action also includes the "failure to act." 5 U.S.C 551(13). The APA imposes a clear duty on Defendants to act on Plaintiff's application. Administrative agencies such as CIS do not have discretion to "avoid discharging the duties that Congress intended them to perform." Yu, 36F. Supp.2d at 931.

In addition, a general timing provision for agencies is provided within the APA at 5 U.S.C 555(b), which states that agency action should be concluded within a reasonable time. See Forest Guardians v. Babbitt, 174 F.3d 1178(10th Cir. 1999). Thus, although the INA statute does not provide a time line for adjudication of adjustment of status applications, the APA imposes such a requirement. As an officer of the United States, an immigration officer has a mandatory duty and obligation to also act within a reasonable period of time. 5 U.S.C. 555(b).

Six factors also assist the court in determining what is an unreasonable delay. They include 1)time agencies take to make decisions must be governed by the rule of reason;2)where Congress has provided a timetable or other indication of speed it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;3)delays that might be reasonable in the sphere of economic regulation are less tolerable when human heatlh and welfare are at stake;4)the court should consider the effect of expediting delayed action on agency activities of a higher or competing authority;5)the court should also take into account the nature and extent of the interest prejudiced by delay; and 6)the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed. Yu, 36F. Supp. 2d at 934. Furthermore, the source of the delay is another factor in determining whether a delay is unreasonable, such as the complexity of the investigation and the defendant's own participation in the delay. Saleh, 367F.Supp.2d at 511-512; Bartoloni v. Ashcroft, 226F. Supp. 2d 350,354(D.Conn. 2002).



Mohammad Zahid Aslam
5510 N. Morgan St, Apt#304
Alexandria, VA 22312
Tel:(703) 354-6664
Cell:(703) 582-5820
zzahid@hotmail.com

Defendants indicate that the FBI name check was requested by the CIS back in April 1, 2005 and that the case remains pending for the completion of the name check. Defendant's Motion to Dismiss, Declaration of Susan P. Dibbins and Michael Cannon. However, no explaination regarding the more than Two years and Two months delay on the name check has been provided. The CIS has contracted out to a third party, the FBI, to conduct security and background checks on its behalf. The FBI's duty is therefore subsumed under that of the CIS. The CIS cannot merely shift blame to the FBI, as both are arms of the federal government. Paunescu, 76F. Supp. 2d at 903 n.2

CIS has issued a Fact Sheet regarding immigration security checks, such as FBI name checks, which states that initial responses to the name check take 2 weeks for which 80 percent no match is found. Of the remaining 20 percent, most are resolved within six months. Less than one percent of cases subject to an FBI name check remain pending longer than six months.( http://usinfo.state.gov/gi/Archive/2006/May/04-878088.html). Plaintiff's case appears to fall within this small percentage, and thus, it is well within CIS' ability to request an expedite on Plaintiff's case. Defendant's claim that "litigious applicants are more likely to be moved to the top of the proverbial pile over other applicants" in reality would not occur in cases such as this which are less than one percent of total cases. The CIS has accepted the filing of mandamus suits as a criterion for expediting security checks in the past and recent proposed legislation has also been introduced to generate a time line for FBI name checks.[2]

In a recent mandamus case decided before a District Court, where FBI name check caused a delay in processing, the court granted summary judgment compelling the defendants to adjudicate two I-485 applications. Singh v. Still, No. C 06-2458 EMC, 2006 WL 389817 (N.D.Cal. 2006). The Court found that the CIS had a duty to process the applications and the FBI had a duty to process the name checks within a reasonable time, regardless of who was

[2] S.795, Citizenship Promotion Act of 2007, introduced on March 7, 2007, would require that background checks for applicants seeking permanent residence or citizenship be completed in 90 days.



Mohammad Zahid Aslam
5510 N. Morgan St, Apt#304
Alexandria, VA 22312
Tel:(703) 354-6664
Cell:(703) 582-5820
zzahid@hotmail.com

responsible for the delay. The CIS in that case attempted to place the responsibility for the delay on the FBI's name check, but the Court noted that "even if the FBI were largely responsible for the delay as Respondents suggest, its conduct would properly be with the scope of the complaint herein". Singh, 2007 WL 389817 at *4. The Court further noted that "mere invocation of national security is not enough to render agency delay reasonable per se." Singh, 2007 WL 389817, at *5. Likewise, the delay in the adjudication of Plaintiff's application in the instant case, specifically the name check itself, cannot be determined to be reasonable or unreasonable without a factual determination.

Plaintiff can demonstrate that Defendants owe him a duty to complete their adjudication within a reasonable time. Plaintiff filed his case over 2 Years and 2 months ago, and the Defendants have a duty to complete the adjudication of Plaintiff's adjustment of status application. As Plaintiff has complied with the requirements of eligibility under the statute, the responsibility for the delay rests entirely with Defendants. Defendants cannot merely hide behind FBI name checks to continue the interminable delay in Plaintiff's application. Absent the court's order, the application is likely to continue pending without decision and thus, plaintiff has no other adequate remedy available. The Mandamus Act and the APA provide a check on both the CIS and FBI for their failure to fulfill their duties, namely their failure to act within a reasonable time.

**8 U.S.C 1252(a)(2)(B) does not divest this Court of Jurisdiction Over Plaintiff Claims**

Defendants argue that this Court lacks jurisdiction over plaintiff's claim because the remedy plaintiff seek-that CIS adjudicate plaintiff's application for adjustment of status-is an action solely within the discretion of CIS. In support of their position, defendants rely on 8 U.S.C 1252(a)(2)(b)(ii) which states that:

Notwithstanding any other provision of law (statutory or non-statutory), including.... Sections 1361 and 1651 of [Title 28], and except as provided in subparagraph (D), and regardless of whether the judgment, decision or action is made in removal proceedings, no court shall have



Mohammad Zahid Aslam
5510 N. Morgan St, Apt#304
Alexandria, VA 22312
Tel:(703) 354-6664
Cell:(703) 582-5820
zzahid@hotmail.com

jurisdiction to review ....

(ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the Authority for which is specified under the subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 208(a).

8 U.S.C 1252(a)(2)(B)(ii).

Plaintiff does not seek "review" of any agency decision or action. He seeks to compel action, i.e, the adjudication (favorable or unfavorable) of his application for adjustment of status.

The Ninth Circuit Court of Appeals gives particular guidance on this issue. In Spencer Enterprises, Inc. v. United States, 345 F.3d 683(9th Cir. 2003), the court explained that when enacting 8U.S.C 1252(a)(2)(B)(ii), Congress did not intend to withdraw jurisdiction over all discretionary decisions. Instead, the Court focused on the statutory words "the authority for which is specified," and held that on a request to review an apparently discretionary decision, the court must determined whether any statute specifies the particular authority at issue, and then whether that authority is wholly discretionary. Spencer, 345 F.3d at 689-90. In Spencer, because the authority to issue a visa under the immigrant investor program was not specified by a statute to be discretionary, the court found the agency's decision to deny such visa to be reviewable. Spencer, 345 F.3d at 691; see also Alaka v. Attorney General of the United States, 456 F.3d 88,96(3d Cir. 2006)(following Spencer, and interpreting 8 U.S.C 1252(a)(2)(b)(ii) the same way). With that guidance, it is found that adjudication of application of adjustment of status to be well within the court's jurisdiction [Plaintiff Exhibit 1. pg.4]

Also the Fifth Circuit reasoned in Zhao v. Gonzales, the statutory language in 8 U.S.C 1252(a)(2)(B)(ii) is "uncharacteristically pellucid" in stripping the district courts only of the authority to review, "authority for which is specified under this subchapter [II] to be in the discretion of the Attorney General." 404 F.3d 295, 3030 (5th Cir. 2005). In failing to adjudicate plaintiff's application for adjustment of status, the Defendants exercised no such statutorily



Mohammad Zahid Aslam
5510 N. Morgan St, Apt#304
Alexandria, VA 22312
Tel:(703) 354-6664
Cell:(703) 582-5820
zzahid@hotmail.com

delineated discretion. Because subchapter II of the statute does not specifically charge the Attorney General with the authority to decide, at his discretion, what time period is considered reasonable for adjudicating an application for adjustment, and because plaintiff merely seeks to compel adjudication—rather than approval—of his application, this court retains subject matter jurisdiction under 8 U.S.C 1252(a)(2)(B)(ii) [Plaintiff Exhibit 3, pg 9-10].

The Western District of Washington, Seattle court explains why the court does not have to create a temporal standard out of whole cloth as the defendants claim (pg. 18). Judge Martinez explains "In that case (Safadi v. Howard) the United States District Court for the Eastern District of Virginia found that Congress had vested the Secretary of Homeland Security with the complete discretion over the process of adjudicating I-485 applications, including the process of reviewing the applications and the pace at which that process proceeds. 2006 U.S Dis. LEXIS 92722, at *2-3(E.D Va Dec. 20, 2006). The Safadi court framed the issue as whether the term "action" as used in 8 U.S.C 1252(a)(2)(B)(ii), encompassed the pace at which CIS process adjustment applications, and they held that it did. Id at *6-7. However, the court then expressly stated that its decision did not address the existence of jurisdiction in the case of a refusal to process an application, or in the case where a delay was so unreasonable as to constitute a refusal. Id. At *13. As the United States District Court for the Western District of Pennsylvania has pointed out, such a disclaimer "raises the question of how an unreasonable delay might not qualify as 'action' ....while a reasonable delay unambiguously does constitute 'action'" which "renders toothless all timing restraints..." Duan, 2007 U.S Dist. LEXIS 12697, at *9."[Plaintiff Exhibit 1, pg 5].

Plaintiff has been adversely affected by the delay in adjudication of his adjustment of status application, despite the fact that he has met statutory requirements for eligibility. Plaintiff has been damaged by being deprived of a decision for more than Two Years and Two months; and by repeatedly applying and paying for extensions of employment authorization, as they are limited to increments not to exceed one year while the application is pending. 8CFR 274a.12(c)



Mohammad Zahid Aslam
5510 N. Morgan St, Apt#304
Alexandria, VA 22312
Tel:(703) 354-6664
Cell:(703) 582-5820
zzahid@hotmail.com

(9). Recent example of adverse action on plaintiff and his family's life was the expiration of his Employment Authorization card for one whole month and his work contract expiration almost during the same time. During this period of time, the plaintiff had faced two great obstacles. One to have the Employment Authorization Card renewed (during the expiry period he could not seek any new job opportunity), secondly to find a new job. Had the plaintiff's adjustment of status been adjudicated in a timely manner he would not have gone through the issue of expiry Employment authorization and would have sought new job opportunities right away, not to mention the requirement for many ordinary jobs being a "Legal Permanent Resident" at the least or a Citizen. Given the prejudice to plaintiff and because no specific reasons have been provided by the Defendants to explain the reason for the delay in Plaintiff's case, the Defendants' motion should be denied.

Plaintiff's interests fall within the zone of interest to be protected or regulated by the applicable immigration statute. Although the Defendants have discretion in the ultimate decision, they do not have the discretion to refuse to act in a reasonable time. Based on the foregoing, this Court retains jurisdiction and Plaintiff has stated a claim under the Mandamus Act and the APA.

## CONCLUSION

Plaintiff prays that the Court to compel Defendants to take action as delegated to them under the Immigration and Nationality Act, namely to adjudicate his adjustment of status application, if this court finds the delay is not reasonable and in accordance with the law. The relevant statutes and case law, including recent cases before this Court, indicated that the Court has jurisdiction to hear such cases and to compel Defendants to perform their non-discretionary duty to act or to make a decision on their adjustment of status applications. Defendants cannot merely shift blame to the FBI because it delegated the name check to this agency and both are arms of the executive branch. The APA provides a general timing provision with respect to reasonable time for agency action. Whether Defendants' delay is unreasonable is to be



Mohammad Zahid Aslam
5510 N. Morgan St, Apt#304
Alexandria, VA 22312
Tel:(703) 354-6664
Cell:(703) 582-5820
zzahid@hotmail.com

determined on a case-by-case basis and through consideration of multiple factors. Plaintiff is therefore entitled to relief under 28 U.S.C 1361 and the APA.

For the foregoing reasons, Plaintiff respectfully request this Court deny Defendants' Motion to Dismiss as mandamus lies to compel the Defendants to take action, by simply completing adjudication of the I-485 application. Plaintiff can establish eligibility for mandamus relief because he has a clear right to compel Defendants to perform their duty to act upon his application and no other remedy is available.

Date June 28, 2007

Respectfully submitted, .

Mohammad Zahid Aslam
5510 N. Morgan St, #304
Alexandria, VA 22312
zzahid@hotmail.com
Tel:703-354-6664
Cell:703-582-5820

SO ORDERED: ______________________________
UNITED STATES DISTRICT JUDGE

DATE: ______________________________



Mohammad Zahid Aslam
5510 N. Morgan St, Apt#304
Alexandria, VA 22312
Tel:(703) 354-6664
Cell:(703) 582-5820
zzahid@hotmail.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YING HUANG and YANNING LIU,<br>Plaintiffs,<br>v.<br>ALBERTO GONZALES, *et al.*,<br>Defendants. | CASE NO. C07-0096RSM<br><br>ORDER DENYING MOTION TO DISMISS |

## I. INTRODUCTION

On January 22, 2007, plaintiffs filed a Petition for Writ of Mandamus, alleging that defendants had clearly delayed the processing of their I-485 applications for adjustment of status, and asking the Court to compel defendants to immediately adjudicate such applications. (Dkt. #1). This matter comes before the Court on defendants' Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or for failure to state an actionable claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. #8). Defendants argue that this Court lacks jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(ii), and under the Administrative Procedures Act ("APA"), and that plaintiffs cannot meet the strict requirements for mandamus relief.

Plaintiffs have not responded to this motion to dismiss. This District's local rules state that



Plaintiff Exhibit 1

"[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rule CR 7(b)(2). However, for the reasons set forth below, the Court will DENY defendants' motion to dismiss.

## II. DISCUSSION

### A. Background

Plaintiff Ying Huang is a Chinese citizen who is living and working in the United States under a nonimmigrant (temporary) visa. She seeks to have her pending Form I-485 Application for Adjustment of Status adjudicated so that she may adjust her status to that of Lawful Permanent Resident as a principal worker. Plaintiff Yanning Liu is Ms. Huang's husband. He seeks to adjust his status to Lawful Permanent Resident as a "derivative" spouse, accompanying alien, once Ms. Huang's application is completed.

Plaintiffs filed their applications for Adjustment of Status with the United States Citizenship and Immigration Services ("CIS") Nebraska Service Center on September 7, 2005. CIS requested that the Federal Bureau of Investigation ("FBI") conduct a name check for plaintiffs on September 13, 2005. The FBI received that request on September 16, 2005. Plaintiffs submitted fingerprints on November 23, 2005. The FBI completed Mr. Liu's name check on February 23, 2007, and transmitted the results to CIS. Ms. Huang's name check has not yet been completed. Mr.Liu's application is dependent on Ms. Huang's application; therefore, it also has not yet been adjudicated. Thus, both applications remain pending as of this date.

### B. Standards for Motions to Dismiss

#### *1. Rule 12(b)(1) Standard*

A motion to dismiss under Rule 12 (b)(1) of the Federal Rule of Civil Procedure addresses the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). They possess only that power authorized by United States Constitution and statute, which is not to be expanded by judicial

decree. *Id.* The burden of establishing the subject matter jurisdiction rests upon the party asserting jurisdiction. *Id.* When considering a motion to dismiss pursuant to Rule 12(b)(1), the Court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

*2. Rule 12(b)(6) Standard*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) seeks dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), the Court must dismiss a complaint if plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). In deciding a motion to dismiss, the Court accepts as true all material allegations in the complaint and construes them in the light most favorable to the plaintiff. *See Newman v. Sathyavaglswaran*, 287 F.3d 786, 788 (9th Cir. 2002); *Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Associated Gen. Contractors*, 159 F.3d at 1181.

In the instant case, defendants have presented matters outside the pleadings for the Court's consideration. Typically, if the Court was to consider such matters, the motion would be converted to a Rule 56 motion for summary judgment. However, defendants' motion to dismiss rests solely on questions of law regarding this Court's jurisdiction. Accordingly, the court need not address the factual matters raised by defendants, as the question of whether the delay in adjudication of plaintiffs' applications has been reasonable is best left for another day. The Court considers this motion solely as a facial attack on jurisdiction under Rule 12(b)(1) and (b)(6).

**C. Section 1252(a)(2)(B)(ii)**

Defendants primarily argue that this Court lacks jurisdiction over plaintiffs' claims because the remedy plaintiffs seek – that CIS adjudicate plaintiffs' pending applications for adjustment of status – is an action solely within the discretion of CIS. In support of their position, defendants rely on 8 U.S.C. § 1252(a)(2)(B)(ii), which provides:

> Notwithstanding any other provisions of law . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title [8 USCS § § 1151 *et seq.*] to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 208(a) [8 USCS § 1158(a)].

Defendants argue that because the Immigration and Nationality Act ("INA") specifically grants the Attorney General the discretionary authority to act with regard to the process by which aliens may adjust status, and because the INA contains no legal standards that impinge on that discretion as to when adjudications should take place, this Court is necessarily precluded from exercising jurisdiction. This Court is not persuaded.

The Ninth Circuit Court of Appeals gives particular guidance on this issue. In *Spencer Enterprises, Inc. v. United States*, 345 F.3d 683 (9th Cir. 2003), the court explained that when enacting 8 U.S.C. § 1252(a)(2)(B)(ii), Congress did not intend to withdraw jurisdiction over all discretionary decisions. Instead, the Court focused on the statutory words "the authority for which is specified," and held that on a request to review an apparently discretionary decision, the court must determine whether any statute specifies the particular authority at issue, and then whether that authority is wholly discretionary. *Spencer*, 345 F.3d at 689-90. In *Spencer*, because the authority to issue a visa under the immigrant investor program was not specified by any statute to be discretionary, the court found the agency's decision to deny such visa to be reviewable. *Spencer*, 345 F.3d at 691; *see also Alaka v. Attorney General of the United States*, 456 F.3d 88, 96 (3d Cir. 2006) (following *Spencer*, and interpreting 8 U.S.C. § 1252(a0(2)(B)(ii) the same way). With that guidance, the Court does not find adjudication of applications for adjustment of status to be

completely outside its jurisdiction.

First, nothing in the INA addresses, much less specifies, any discretion associated with the pace of adjudication. "Although the speed of processing may be 'discretionary' in the sense that it is determined by choice, and that it rests on various decisions that Defendants may be entitled to make, it is not discretionary in the manner required by the jurisdiction-stripping language of the IIRIRA." *Duan v. Zamberry*, 2007 U.S. Dist. LEXIS 12697, at *7 (W.D. Penn. Feb. 23, 2007). *See also Song v. Klapakas*, 2007 U.S. Dist. LEXIS 27203, at *12 (E.D. Penn. Apr.12, 2007) (finding that defendants' failure to adjudicate an application for adjustment of status was not a discretionary decision); *Loo v. Ridge*, 2007 U.S. Dist. 17822, at *9 (E.D.N.Y. March 14, 2007) (noting that adjudicating an adjustment of status application is not at the discretion of defendants because defendants are required to do so); *Yu v. Brown*, 36 F. Supp.2d 922, 931-32 (D.N.M. 1999) (holding that the INS owes plaintiff a duty to process her application for a change of status to permanent resident). Interestingly, defendants have conceded as much in actions before other districts in the Ninth Circuit. *See Singh v. Still*, 470 F. Supp.2d 1064, 1068 (N.D. Cal. 2007) (noting that defendants had conceded that they have a mandatory duty to act on adjustment applications).

Further, the Court is not persuaded by defendants' reliance on *Safadi v. Howard*. In that case, the United States District Court for the Eastern District of Virginia found that Congress had vested the Secretary of Homeland Security with complete discretion over the process of adjudicating I-485 applications, including the process of reviewing the applications and the pace at which that process proceeds. 2006 U.S. Dist. LEXIS 92722, at *2-3 (E.D. Va. Dec. 20, 2006). The *Safadi* court framed the issue as whether the term "action," as used in 8 U.S.C. § 1252(a)(2)(B)(ii), encompassed the pace at which CIS processes adjustment applications, and they held that it did. *Id.* at *6-7. However, the court then expressly stated that its decision did not address the existence of jurisdiction in the case of a refusal to process an application, or in the case where a delay was so unreasonable as to constitute a refusal. *Id.* at *13. As the United States District Court for the

Western District of Pennsylvania has pointed out, such a disclaimer "raises the question of how an unreasonable delay might not qualify as 'action' . . . while a reasonable delay unambiguously does constitute 'action'" which "renders toothless all timing restraints. . . ." *Duan*, 2007 U.S. Dist. LEXIS 12697, at *9. Accordingly, this Court also finds that section 1252(a)(2)(B)(ii) does not divest the Court of jurisdiction over plaintiffs' claims.

**D. Subject Matter Jurisdiction**

Although this Court has determined that IIRIRA does not bar it from determining plaintiffs' claims, the Court must still determine whether there is subject matter jurisdiction to do so. In their petition, plaintiffs argue that this Court has jurisdiction over their claims pursuant to 28 U.S.C. § 1331 and section 706 of the APA, as well as pursuant to the Mandamus statute, 28 U.S.C. § 1361. (Dkt. #1 at 3). Numerous courts have debated the proper basis for jurisdiction over cases of this nature. *Singh*, 470 F. Supp.2d at 1066 n. 5. Some have determined that the mandamus statute provides a jurisdictional basis. *Id.* Others have determined that there is no jurisdiction under the mandamus statute, but that section 1331 and the APA provide adequate jurisdictional bases. *Id.* Here the Court examines both bases, as defendants argue that nothing provides proper jurisdiction in this Court.[1]

In order to obtain mandamus relief, plaintiffs must show that "(1) [their] claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997). Defendant argues that plaintiff's right to adjudication is not "clear or certain" and defendants' actions are discretionary rather than ministerial. As noted above, this Court finds that plaintiffs have a right to the adjudication of their adjustment applications and defendants' actions in that respect are not wholly discretionary. Many federal district courts agree that this non-

[1] Again, interestingly, defendants have conceded in other cases that mandamus relief is possible so long as the requirements are met. *Singh*, 470 F. Supp.2d at 1066 n. 5.

discretionary duty to process or adjudicate an adjustment application supports a mandamus action. *See, e.g., Song*, 2007 U.S. Dist. 27203, at *10-11; *Duan*, 2007 U.S. Dist. LEXIS 12697, at *11; *Razaq v. Poulos*, 2007 U.S. Dist. LEXIS 770, at *4 (N.D. Cal. Jan. 8, 2007); *Haidari v. Frazier*, 2006 U.S. Dist. LEXIS 89177, at **10-11 (D. Minn. Dec. 8, 2006); *Valenzuela v. Kehl*, 2006 U.S. Dist. LEXIS 61054, at **19-20 (N.D. Tex. Aug. 23, 2006); *Aboushaban v. Mueller*, 2006 U.S. Dist. LEXIS 81076, at *4 (N.D. Cal. Oct. 24, 2006); *Elkhatib v. Bulter*, 2005 U.S. Dist. LEXIS 22858, at *4 (S. D. Fla. June 6, 2005); *Yu*, 36 F. Supp. 2d at 928; *Paunescu v. INS*, 76 F. Supp.2d 896, 901 (N.D. Ill. 1999).[2] The Court finds the weight of this authority persuasive.

Further, the Court is persuaded that jurisdiction exists under 28 U.S.C. § 1331 and section 706 of the APA. For relief pursuant to § 1331 and the APA, plaintiffs must demonstrate that respondents unreasonably delayed the processing Ms. Huang's application. *See* 5 U.S.C. § 555(b) ("[W]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."); *see also id.* § 706(1) (providing that courts shall "compel agency action unlawfully withheld or unreasonably delayed"). The APA includes in its definition of agency action a failure to act. *Id.* at § 551(13). However, the APA does not entitle a party to judicial review if the action in question is discretionary. *Id.* at § 701(a)(2).

In this case, defendants essentially argue that the discretionary nature of adjudication of the applications at issue preclude jurisdiction under the APA, and that because no statutes or regulations provide a meaningful standard against which to measure the adjudicatory process, judicial review is unavailable. For the reasons set forth above, the Court rejects defendants' argument that their discretion precludes jurisdiction. Likewise, as federal courts routinely assess the "reasonableness" of

---

[2] *But see Li v. Chertoff*, 2007 U.S. Dist. LEXIS 29776, at *10-13 (S.D. Cal. Apr. 2, 2007) (suggesting that mandamus jurisdiction does not exist, but holding that it need not determine whether jurisdiction actually exists because petition fails on the merits). The Court does not reach the merits of the instant case; therefore, *Li* provides no guidance on this motion.

the pace of agency action under the APA, this Court believes there is a meaningful standard against which to judge defendants' action, or lack thereof. *See Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir. 1998) (explaining that "when an agency is required to act -- either by organic statute or by the APA -- within [a]...reasonable time, § 706 leaves in the courts the discretion to decide whether agency delay is unreasonable."). Accordingly, this Court agrees that jurisdiction is proper under the APA and 28 U.S.C. § 1331 to compel the INS to adjudicate an application for adjustment to permanent status. *See Song*, 2007 U.S. Dist. 27203, at *14; *Duan*, 2007 U.S. Dist. 12697, at *13; *Zemin Hu v. Reno*, 2000 U.S. Dist. LEXIS 5030, at **9-10 (N.D. Tex. Apr. 18, 2000) (collecting cases also in agreement).

## III. CONCLUSION

For the reasons discussed above, it does not appear to this Court that plaintiffs can prove no set of facts in support of their claims that would entitle them to the relief they seek. Accordingly, the Court, hereby ORDERS:

(1) Defendants' Motion to Dismiss (Dkt. #8) is DENIED.

(2) The Clerk shall forward a copy of this Order to plaintiffs and to all counsel of record.

DATED this _2_ day of May, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

CLOSED
CIVIL
CASE



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 04-22407-CIV-SEITZ/MCALILEY

GHASSAN ELKHATIB,

Petitioner,

v.

JACK BULGER, Director of the Miami Bureau of Citizenship and Immigration Services, et. al.,

Respondents.

_______________________________/

FILED by ___ D.C.
JUN - 6 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**ORDER GRANTING PETITION FOR WRIT OF MANDAMUS**

THIS MATTER is before the court on Petitioner's Petition for Writ of Mandamus [DE 1]. Petitioner seeks an order from the Court requiring the Nebraska Service Center, United States Citizenship and Immigration Services ("USCIS") to adjudicate his Application for Adjustment in Status ("Application"). Respondents contend that the Petition for Writ of Mandamus should be denied because USCIS does not have a clear, ministerial, non-discretionary duty to adjudicate Petitioner's Application within a four year period. Upon review of the petition, the response, and the reply thereto, as well as the relevant portions of the record, the Court grants Petitioner's Petition for Writ of Mandamus.

**I. Background**

Petitioner is a native and citizen of Jordan. Compl. ¶ 12. In September 1990, Petitioner first entered the United States to attend Michigan State University. *Id.* ¶ 13. After graduating from Michigan State University in 1997, Petitioner obtained an H-1B professional visa and obtained employment with Motorola Inc. *Id.* ¶ 14. Petitioner's visa expired on October 1, 2001, but was subsequently renewed by Motorola Inc. for an additional three year period. *Id.* On June 28, 2001, Petitioner filed his Application with USCIS. *Id.* ¶ 16. From the record in the case, it appears that Petitioner has provided USCIS with

Plaintiff
Exhibit 2
10

all of the information necessary to complete the processing of his Application.[1]

## III. Analysis

"[M]andamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969).[2] Mandamus relief is warranted if a petitioner demonstrates (1) a clear right to the relief sought; (2) the respondents have a clear, non-discretionary duty to act; and (3) no other remedy is available. *Nyaga v. Ashcroft*, 323 F.3d 906, 911 (11th Cir. 2003) (citing *Heckler v. Ringer*, 466 U.S. 602, 617 (1984)). Here, Respondents do not dispute that Petitioner has demonstrated a clear right to the relief sought and that no other remedy is available. The Court therefore turns to the second prong of the analysis to determine whether Respondents have a mandatory duty to act or whether the inaction is committed to the discretion of the agency.

Although the Court has not found, and the parties did not cite, any Eleventh Circuit case law specifically addressing the issue raised in this case, other district courts have concluded that a petitioner has a clear right to have his or her application for lawful permanent residence status adjudicated within a reasonable period of time. *See Yu v. Brown*, 36 F. Supp. 2d 922, 925 (D.N.M. 1999); *Agbemaple v. INS*, No. 97 C 8547, 1998 WL 292441 (N.D. Ill. May 18, 1998). For instance, in *Yu*, where petitioner sought a writ of mandamus to force INS to act on her application for lawful permanent residence two and one

---

[1] In order to adjudicate Petitioner's Application, the FBI conducts various background checks, including a fingerprint check. *See* Respondents' Resp. The fingerprint check must be less than fifteen months old at the time any application or petition is adjudicated. *Id.*, Ex. A. ¶ 10. Although Petitioner's fingerprint checks were expired at the time of his Petition, it appears that he was scheduled to have them re-taken on February 3, 2005, at the Miami-Biscayne Application Support Center. *Id.*

[2] The Eleventh Circuit, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

half years after she applied, the court concluded that Yu's petition properly stated a claim for mandamus *Id.* at 925-933. In so holding, the court noted that administrative agencies do not possess discretion to avoid discharging the duties that Congress intended them to perform. *Id.* at 931.

The Court agrees with the reasoning in *Yu* and *Agbemaple* and finds that Respondents have a non-discretionary duty to process Petitioner's Application within a reasonable period of time. Moreover, four years is an unreasonable length of time for Petitioner's Application to remain pending. Accordingly, Petitioner is entitled to mandamus relief.

**IV. Conclusion**

For the reasons stated above, it is hereby

ORDERED that

1. Petitioner's Petition for Writ of Mandamus [DE 1] is GRANTED.

2. Respondents shall complete adjudication of Petitioner's Application according to the following schedule:

a. Respondents shall request from Petitioner any additional information which it needs to process Petitioner's Application on or before **June 20, 2005**.

b. If Respondents request additional information from Petitioner, Petitioner shall provide the additional information to Respondents within thirty (30) days of Respondent's request.

c. Respondents shall make a decision on Petitioner's Application within sixty (60) days from the date which Respondents receive any additional information from Petitioner.

d. If Respondents do not request additional information from Respondent by June 20, 2005, Respondents shall make a decision on Petitioner's Application **on or before August 20, 2005.**

3. The Court reserves jurisdiction for a three month period to enter any order necessary for the

enforcement of this order.

4. All pending motions not otherwise ruled upon are DENIED AS MOOT.

5. This case is CLOSED.

ORDERED in Miami, Florida, this 6th day of June, 2005.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge McAliley
All Counsel of Record

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YONGJIE WEI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:06-CV-2272-P |
| MICHAEL CHERTOFF, Secretary of the Department of Homeland Security, EMILIO T. GONZALES, Director of the U.S. Citizenship and Immigration Services EVELYN M. UPCHURCH, Director of the Texas Service Center of USCIS, ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigations (FBI), | § § § § § § § § § | |
| | § | |
| Defendants. | § | |

**ORDER**

Now before the Court is Defendants' Motion to Dismiss, filed February 9, 2007. Plaintiff Yongjie Wei, proceeding *pro se*, filed a response on February 23, 2007. Defendants did not file a reply. After considering the parties briefing and the applicable law, the Court DENIES Defendants' Motion to Dismiss.

**I. Background**

Wei, a citizen of China, filed an immigrant visa petition under the National Interest Waiver category on September 25, 2003. (Mot. Dismiss 2; Pl.'s Resp. 3.) On September 27, 2004, Wei filed an application for Adjustment of Status to become a permanent resident of the United States. *Id.* More than two years later his application had not been adjudicated, and on



Plaintiff Exhibit 3

December 11, 2006, Wei filed the instant suit to compel Defendants to adjudicate his I-485 Application for Adjustment of Status.

In his initial complaint, Wei alleged that the delay in adjudication violated the Administrative Procedures Act (APA) and that he was entitled to a writ of mandamus to compel the United States Citizenship and Immigration Service (USCIS) to favorably adjudicate the applications for himself and his wife. (Compl. ¶ 23.) Defendants then filed a Motion to Dismiss, and Wei filed his Response. In his Response, Wei requested that this Court amend his complaint to request only that Defendants be required to adjudicate the applications for himself and his wife. (Pl.'s Resp. 2.)

## II. Plaintiff's Request to Amend the Pleadings[1]

### A. Legal Standard

Under Rule 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise a party may amend its pleading only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2007). Leave to amend "shall be freely given when justice so requires." *Id.* "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). It is, however, within the discretion of the court to grant or deny leave to amend. *Id.* Grounds for denial of leave to amend include "undue delay, bad faith, dilatory motive on the part of the movant,

[1] It has been long held that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, although Wei has not filed a formal Motion to Amend, the Court will construe his request to change his prayer as a Motion to Amend. *See Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972).

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.*

**B. Analysis**

Defendants have already filed a responsive pleading; therefore, Wei is required to seek leave of Court to amend his petition. Fed. R. Civ. P. 15(a); (*see also*, Def.'s Resp. in Opp'n to Pl.'s Pet. for Writ in the Nature of Mandamus and Declaratory J.) In his Response to Defendants' Motion to Dismiss, Wei requested leave to amend his petition. (Pl.'s Resp. 1-2.) Defendants have not opposed Wei's requested amendment.

The requested amendment will allow Wei to avoid dismissal for lack of subject matter jurisdiction. Further, because the requested amendment to the *pro se* petition will do no more than change the relief requested, based on the same facts previously alleged, the Court finds no evidence of undue prejudice to Defendants. *See Miller v. Stanmore*, 636 F.2d 986, 990 (5th Cir. 1981); 28 U.S.C. § 1653 (2006). Nor does the Court find any evidence of undue delay, bad faith, or dilatory motive on the part of Wei. Additionally, this is Wei's first request to amend his petition. Therefore, the Court, in its discretion, grants Wei's requested amendment.

**III. Defendants' Motion to Dismiss**

**A. Legal Standard**

Rule 12(b)(1) provides that an action must be dismissed when the court does not possess subject matter jurisdiction over the plaintiff's claims. Fed. R. Civ. P. 12(b)(1). A court may decide a Rule 12(b)(1) motion to dismiss "on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the

complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 176 (5th Cir. 1990). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Defendants claim that this Court lacks subject matter jurisdiction over Wei's claim under the Declaratory Judgment Act, 28 U.S.C. § 2201; the mandamus statute, 28 U.S.C. § 1361; the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*; and 28 U.S.C. § 1331; therefore, the Court must dismiss Wei's claims. (Mot. Dismiss 2.)

**B. Mandamus Relief**

The mandamus statute provides that "the district courts shall have original jurisdiction of any action in the name of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff." 28 U.S.C. § 1361. To be entitled to mandamus relief, the plaintiff must establish (1) a clear right to the relief requested; (2) that the duty owed is nondiscretionary; and (3) that no other adequate remedy is available. *Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1288 (5th Cir. 1997).

Defendants first claim that Wei fails to satisfy the three prongs necessary to receive mandamus relief. The Court finds, however, that Wei satisfies the three prongs of the mandamus statute and may be entitled to mandamus relief.

First, Wei has a clear right to the relief requested adjudication of an adjustment of status application within a reasonable time period. The majority of courts that have addressed the issue have determined that the agency has a duty to issue a decision on the application—whether granting or denying relief—within a reasonable period of time.[2] Wei has been waiting 28 months for Defendants to rule on his adjustment of status. (Pl.'s Resp. 3.) Other jurisdictions have indicated that delays approximating two years from the date of filing are unreasonable. *See Hu*, 2000 WL 425174, at *4 n.4.

Second, the duty to adjudicate an adjustment of status application within a reasonable period of time is a non-discretionary duty charged to USCIS by Congress. "Congress could not have intended to authorize potentially interminable delays." *Agbemaple*, 1998 WL 292441, at *2. As discussed in more detail below, the ultimate result of the adjudication is left to the discretion of the agency, but whether or not to adjudicate an application is not. It is therefore possible that Wei could demonstrate that the delay has, in fact, been unreasonable.

[2] Other district court cases that have held that noncitizen petitioners have a clear right to timely adjudications of their applications for permanent residency include *Hu v. Reno*, No. 3-99-CV-1136-BD, 2000 WL 425174, at *3 (N.D. Tex. April 18, 2000); *Yu v. Brown*, 36 F. Supp. 2d 922, 931 (D.N.M. 1999); *Salehian v. Novak*, No. 3:06cv459 (PCD), 2006 WL 3041109, at *3 (D. Conn. Oct. 23, 2006); *Agbemaple v. INS*, No. 97 C 8547, 1998 WL 292441, at *2 (N.D. Ill. May 18, 1998); *Elkhatib v. Butler*, No 04-22407-CIV-SEITZ/MCALILY, 2005 WL 5226742, at *2 (S.D.F. June 7, 2005); *Paunescu v. INS*, 76 F. Supp. 2d 896, 900 (N.D. Ill. 1999).

Third, no other adequate remedy is available to Wei, who has exercised every possible alternative to request prompt adjudication of his application.[3] He has utilized every administrative channel available to him, including sending a name check status request to the FBI, inquiring to USCIS several times regarding the status of processing his application, seeking help from Senator John Cornyn, and visiting the USCIS office in person to ask questions about the status of the case. (Pl.'s Resp. 12.) It appears that Wei has exhausted his available remedies, and there is no other adequate remedy available to him.[4] Therefore, this Court finds that Wei has met the elements to confer subject matter jurisdiction under the mandamus statute, and will not dismiss Wei's claims on this basis.

**C. Administrative Procedures Act and 28 U.S.C. § 1331**

The APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected by or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. This includes judicial review to "compel agency action unlawfully withheld or unreasonably delayed." *Id; see also Brock v. Pierce County*, 476 U.S. 253, 260 n.7 (1986) (noting that the APA permits district courts to compel agency action).

The APA does not independently grant subject matter jurisdiction to federal courts for challenges to agency actions. *Califano v. Sanders*, 430 U.S. 99, 105 (1977). However, in combination with 28 U.S.C. § 1331, which grants federal courts jurisdiction over "all civil

[3] Although Defendants claim that Wei had not exhausted his available remedies, they nowhere suggest what alternative remedies remain for Wei to pursue.

[4] Alternatively, other courts have found that "[t]here are no administrative remedies to exhaust because plaintiffs are not challenging a final agency decision." *Yu v. Brown*, 36 F. Supp. 2d 922, 933 (D.N.M. 1999).

actions arising under the Constitution, laws, or treaties of the United States," the APA does convey a jurisdictional basis to compel agency action. *See Sierra Club v. Glickman*, 156 F.3d 606, 617 (5th Cir. 1998). Even so, a plaintiff may not sue a federal agency when "statutes preclude judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. §§ 701(a)(1) - (2); *see also Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 153 (5th Cir. 1998).

Defendants argue that the Court lacks subject matter jurisdiction under § 1331 because Wei does not have a claim under the APA; they contend that adjustment of status is subject to the agency's discretion under 8 U.S.C. 1255(a), and that 8 U.S.C. 1252(a)(2)(B)(ii) and the REAL ID Act preclude this Court from reviewing the agency's actions. (Mot. Dismiss 4.)

a. **Discretionary Authority**

Defendants claim lack of subject matter jurisdiction because they have discretionary authority in adjudicating Wei's applications under 8 U.S.C. 1255(a). Section 1255(a) provides: "The status of an alien who was inspected and admitted or paroled into the United States… may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully adjusted . . . " However, as noted above, although USCIS has broad discretion in making the final decision on whether to approve an application for adjustment under § 1255(a), it does not have the discretion to decide whether or not to process the application. *Hu*, 2000 WL 425174, at *3. Therefore, Defendants owe Wei a non-discretionary duty to process his case within a reasonable period of time.

The majority of courts that have addressed the question have held that any time period beyond two years is susceptible to being considered unreasonable. *See* cases cited *supra* note 2. Courts look to the source of the delay to determine its reasonableness. *Salehian*, 2006 WL 3041109, at *3. Wei has been waiting 28 months for notification of a decision by USCIS, and the Court could plausibly find an unreasonable delay. (Pl.'s Resp. 3.) Further, Defendants have provided no justification for the delay beyond a general explanation of the FBI's name check process, the high volume of name checks that must be processed by the FBI, and the general backlog in the system. (Defs.' Ex. 1.) Although these factors are significant considerations, they are insufficient to make a delay of 28 months reasonable as a matter of law. While a 28-month delay might be found reasonable where the Defendants could provide a specific justification for the delay, that issue is properly resolved through summary judgment proceedings, rather than a motion to dismiss. *See Salehian*, 2006 WL 3041109, at *2 ("Defendants must either adjudicate Plaintiff's applications or provide a satisfactory explanation for the delay."). Because USCIS owes Wei a non-discretionary duty to adjudicate his application within a reasonable amount of time, and a delay of 28 months could be considered unreasonable, Wei's claims are not patently without merit. *Id.* at *3.

**b. 8 U.S.C. 1252(a)(2)(B)(ii) and REAL ID Act of 2005**

Defendants also claim that 8 U.S.C. 1252(a)(2)(B)(ii), as amended by the REAL ID Act in May of 2005, precludes this Court from reviewing the reasonableness of the delay in adjudicating Wei's application or compelling the adjudication of his adjustment of status application. (Mot. Dismiss 4.)

Section 1252(a)(2)(B)(ii) states that:

> Notwithstanding any other provision of law (statutory or non-statutory), including . . . sections 1361 and 1651 of [Title 28], and except as provided in subparagraph (D), and regardless of whether the judgment, decision or action is made in removal proceedings, no court shall have jurisdiction to review – . . .
>
> > (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under the subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 208(a).

8 U.S.C. § 1252(a)(2)(B)(ii). Wei does not seek review of any agency decision or action. He seeks to compel action, i.e., the adjudication (favorable or unfavorable) of his application for adjustment of status. As noted above, this Court has adopted the position that the decision of whether or not to adjudicate applications is not a decision subject to the discretion of the USCIS.

Additionally, the Immigration and Nationality Act does not set forth any time frame in which a determination must be made whether to adjust an alien's status, nor does the subchapter specify that the Attorney General may determine a reasonable time limit for adjudication of adjustments. As the Fifth Circuit reasoned in *Zhao v. Gonzales*, the statutory language in 8 U.S.C. § 1252(a)(2)(B)(ii) is "uncharacteristically pellucid" in stripping the district courts only of the authority to review, "authority for which is specified under this subchapter [II] to be in the discretion of the Attorney General." 404 F.3d 295, 303 (5th Cir. 2005). In failing to adjudicate Wei's application for adjustment of status, the Defendants "exercised no such statutorily delineated discretion . . . " *Id.* Because subchapter II of the statute does not specifically charge the Attorney General with the authority to decide, at his discretion, what time period is considered reasonable for adjudicating an application for adjustment, and because Wei merely

seeks to compel adjudication rather than approval of his application, this Court retains subject matter jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(ii).

**IV. Conclusion**

For the reasons stated above, the Court GRANTS Wei leave to amend. Wei has demonstrated facts to support his claim for a writ of mandamus as well as a plausible claim under the APA, and under the precedent of the Fifth Circuit this Court is not barred from judicial review of USCIS' failure to adjudicate Wei's application for adjustment of status. A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief; therefore, the Court DENIES Defendants' Motion to Dismiss for lack of subject matter jurisdiction. Plaintiff is directed to file an amended complaint within ten days of this order, and the parties are directed to file Motions for Summary Judgment on or before June 18, 2007.

**IT IS SO ORDERED.**

Signed this 18th day of April 2007.

Jorge A. Solis
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

One additional point about these projections. They are the time to complete processing and mail the actual notice and/or document. If you check case status online and see that your case has been approved, and you haven't yet received your approval notice or document in the mail, we ask that you wait thirty days from the approval date before contacting us. That is because it may take that long before it is returned to us as undeliverable. You can also print the case status online answer for your records.

District Office Processing Dates for **Washington DC** Posted June 15, 2007

| [illegible] | Form Name | Now Processing Cases with Receipt Notice Date of |
|---|---|---|
| **I-131** | Application for Travel Documents | March 15, 2007 |
| **I-485** | Application to Register Permanent Residence or Adjust Status | September 15, 2006 |
| **I-600** | Petition to Classify Orphan as an Immediate Relative | March 15, 2007 |
| **I-600A** | Application for Advance Processing of Orphan Petition | January 28, 2007 |
| **I-765** | Application for Employment Authorization | March 29, 2007 |
| **N-400** | Application for Naturalization | October 25, 2006 |
| **N-600** | Application for Certification of Citizenship | March 15, 2007 |

Print This Page    Back

**06-25-2007 12:57 AM EDT**

Home Contact Us Privacy Policy Website Policies NoFEAR Freedom Of Information Act FirstGov

U.S. Department of Homeland Security

Plaintiff
Exhibit 4

Mohammad Zahid Aslam, Pro Se
5510 N. Morgan St, # 304
Alexandria, VA 22312

## Certificate of Service

I hereby Certify that a Copy of the foregoing ~~det~~ plaintiff's Notice of "Opposition to the Defendant's motion to Dismiss" & "Motion To Amend the prayer for Relief" was Served via first Class mail, postage Prepaid 29th day of June, 2007 to

Dennis C. Barghaan, JR.
Assistant U.S Attorney
2100 Jamieson Avenue
Alexandria, VA 22314

Regards,
Mohammad Zahid Aslam.
[signature] 06/28/07.