FILED
MAILROOM
DEC 27 2007
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**AT ALEXANDRIA**

**MOHAMMAD ZAHID ASLAM**, Pro Se,

**Plaintiff/Petitioner**,

vs.

**Michael Mukasey**, Attorney General,
**Michael Chertoff**, Secretary of the Department Of Homeland Security,
**Robert S. Muller**, Director of Federal Bureau of Investigation,
**Emilio T. Gonzalez**, Director of United States Citizenship and Immigration Services.

**Defendants**

Case No.: **Case No. 1:07CV331**

**USCIS File No. A 076 185 004**

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Mohammad Zahid Aslam, Pro Se, files this motion to move the court for summary judgment on the ground that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

## MOTION

Plaintiff Mohammad Zahid Aslam moves this court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This motion is based on the points and authorities in support of this motion, the complaint and documents attached thereto, and upon such other matters as were presented in the open court and may be presented to the Court at the time of hearing.



Mohammad Zahid Aslam
937 N. VAN DORN St, Apt#200
Alexandria, VA 22304
Tel:(703) 212-9130
Cell:(703) 582-5820
zzahid@hotmail.com

## STATEMENT OF RELIEF SOUGHT BY PLAINTIFF

Plaintiff seeks summary judgment in his mandamus action for the Court to enter an order requiring Defendants to expeditiously complete the security clearances on Plaintiff's application for adjustment of status and requiring the Citizenship and Immigration Services (CIS) to process the case to conclusion. In addition, the Plaintiff prays that the Court grant such other relief that may be just and appropriate, including costs associated to file this lawsuit.

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENTS OF FACTS

Plaintiff, Mohammad Zahid Aslam legally came to America on Jan 24, 1991 with his family (Parents and 2 siblings) at the age of sixteen (16), and has been living in America legally for the past Seventeen years continuously as a law abiding person. He completed his High School (1993) and College (2000) from New York. After completion of his College he has been working in the USA. In 1996, the Plaintiff filed I-485 application under section 13 (which remained pending for Nine years from 1996 up till 2005). On January 1st, 2005 he married an American citizen. On February 21, 2005, Plaintiff and his wife filed I-485 application with USCIS seeking to adjust Plaintiff's status to lawful permanent resident based on (I-130) marriage to a USA born citizen (hence, no longer under section 13 of I-485). Plaintiff has been finger printed multiple times and has been applying and paying for the renewal of his work authorization every year. Plaintiff and his wife were interviewed by the CIS a second time on July 31, 2007 to "conduct the necessary interview into the bona fides of Plaintiff's marriage" (Defendants' Motion for Summary Judgment, pg 28); even though it was established in the first interview on January 25, 2006 (a proof of their marriage certificate along with their fifteen days old son's birth (Administrative Record USCIS, Aslam USCIS 00033) was presented in the first interview) and "the CIS adjudicator recommended that the application be granted" (Defendants'



Mohammad Zahid Aslam
937 N. VAN DORN St, Apt#200
Alexandria, VA 22304
Tel:(703) 212-9130
Cell:(703) 582-5820
zzahid@hotmail.com

Motion for Summary Judgment, pg.4). At this time, the FBI name check appears to be the only reason for the delay in adjudication of Plaintiff's I-485 application.

Plaintiff's I-485 is pending for more than Eleven Years (Nine Years I-485 (based on section 13) and Two Years and Eight Months (I-485-based on Marriage).

## ARGUMENT

Summary Judgment is appropriate because the pleadings, when viewed in the light most favorable to the nonmoving party, demonstrate that "there is no genuine issue as to any material fact and the moving party is entitle to judgment as a matter of law." Cleotex Corp. v. Catret, 477 U.S 317 at 323 (1986).

Plaintiff is entitled to relief under 28 U.S.C 1361 and the Administrative Procedures Act as a matter of law. Under 28 U.S.C 1361, district courts have original jurisdiction to compel an officer of the United States to perform his duty. While the duty is often mandatory or ministerial, the duty may also be in the exercise of discretion. Although an officer may have discretion to adjudicate an application, he has a non-discretionary duty to process the application. Failure to perform such duties can be contrary to law for mandamus to lie. Davis v. Shultz, 453, F.2d 497, 502 (3rd Cir. 1971), Naporano Metal and Iron Company v. Secretary of Labor, 529 F.2d 537 (3d Cir. 1976).

Jurisdiction exists to challenge a U.S official's authority to "take or fail to take an action as opposed to a decision taken with...discretion." Patel V. Reno, 134 F.3d 929 (9th Cir. 1997). Plaintiff is not challenging a decision within the discretion of the officer, but challenging the Defendants failure to act or failure to make a decision on his adjustment of status application. It is a distinction between the duty to take some discretionary action as opposed to the actual discretionary decision itself.

Immigration officers are authorized to exercise the powers and duties as specified by the Immigration and Nationality Act (INA). 8 C.F.R 103.1(b). Section 245 of the INA and 8 U.S.C 1255(a) is the statute governing adjustment of status applications:



Mohammad Zahid Aslam
937 N. VAN DORN St, Apt#200
Alexandria, VA 22304
Tel:(703) 212-9130
Cell:(703) 582-5820
zzahid@hotmail.com

The Status of an alien who was inspected and admitted or paroled into the United States or the Status of any other alien having an approved petition for classification under subparagraph (A)(iii),(A)(iV),(B)(ii), or (B)(iii) of section 204(a)(1) or 3. may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

It has been found that the INA establishes a clear right to the relief for adjustment of status applicants. See Yu v. Brown, 36F. Supp. 2d 922 930-932 (D.N.M. 1999); Iddir v. INS, 301 F.3d 492, 500 (7th Cir. 2002); Ahmed v. DHS, 328 F. 3d 383 (7th Cir. 2003); Paunescu v. INS, 76 F. Supp. 2d 896, 901 (N.D. Ill. 1999).

Defendants have a clear, non-discretionary duty to adjudicate Plaintiff's adjustment of status application. See Yu, 36F. Supp. 2d at 925; Agbemaple v. INS, No. 97 C 8547, 1998 WL 292441 (N.D Ill. 1998); Elkhatib v. Butler, No. 04-222407, 2006WL 2333566(S.D. Fla. 2006) [Plaintiff Exhibit 2];Aboushaban v. Mueller, No. C 07-1280 BZ, 2006 WL 3041086 (N.D. Cal. Oct. 24, 2006);Gelfer, 2007 WL 902382 at *2; Tjin-A-Tam v. U.S Dept. of Homeland Sec., No. 05-23339-CIV, 2007WL781339, *3(S.D. Fla. Mar. 12, 2007). In Singh v. Still, 470F. Supp. 2d 1064(N.D. Cal. 2007) respondents concede at the hearing on the motions for summary JUDGMENT that they have a no 'Non discretionary duty to process' petitioner's [I-485] application under 8 U.S.C 1255(a).

Furthermore, the Administrative Procedures Act (APA) also imposes a clear duty on Defendants to act on Plaintiff's application.. 555(b) and 706(1). Because of the lengthy delay by the Defendants, Plaintiff is seeking an order from this court to compel the Defendants to expeditiously adjudicate his application within a reasonable time. Defendants' actions are discretionary but not in their duty to adjudicate within a reasonable time. It is not disputed that



Mohammad Zahid Aslam
937 N. VAN DORN St, Apt#200
Alexandria, VA 22304
Tel:(703) 212-9130
Cell:(703) 582-5820
zzahid@hotmail.com

Defendants have discretion in the process and to decide whether to grant or deny Plaintiff's adjustment of status application but they do not have discretion not to act in reasonable time.

Defendants contend that 8 U.S.C 1255 provides the Attorney General discretion without any time frame for adjudication of an adjustment of status application. Although no specific time appears on face of statute or regulation, adjudication should be within a reasonable time. Yu, 36 F.Supp. 2d at 932; Agbemaple 1998 WL 292441 at 2. Lack of a specified deadline within the statute does not lessen Defendants' duty to Plaintiff to adjudicate the petition. Razaq v. Poulous, 2007 WL 61844, at *4 (N.D. Cal. Jan.8, 2007)("The fact that neither the statute nor regulations establish a specific deadline does not change the character of the duty itself... Congress expected the executive branch to receive applications of this kind and then to 'adjudicate' them to decision").

Reasonableness of the delay is a factual determination to be determined on a case by case basis. Yu, 36F. Supp. 2d at 953. One can also look to internal operating procedures or what the average adjudication time is for adjustment of status applications, such as processing reports[1]. Section 202 of Title II of the American Competitiveness in the Twenty-First Century Act of 2000 (AC21) provides that immigrant applications should be completed no later than 180 days after initial filing. 8 U.S.C 1571. The APA also provides a timing provision which states that agency action should be concluded within a reasonable time. See Forest Guardians v. Babbitt, 174 F.3d 1178 (10th Cir. 1999); Haidari v. Frazier, 2006 U.S Dist. LEXIS 89177, *9-11(D.Minn. 2006).

Courts have found cases where adjustment of status applications have been pending for over 6 to 24 months unreasonable. See Galvez v. Howerton, 503F. Supp. 35, 39(C.D. Cal. 1980); Paunescu, 76F. Supp. 2d at 901-02; Agbemaple, 1998 WL 292441; Yu, 36 F. Supp. 2d at 931-32. Recently this court granted judgment on a similar mandamus case with respect to the CIS's

[1]The typical processing time for I-485 applications to Adjust Status can be found in the processing Time Report for the Washington DC District office which as of Dec. 17th ,2007, shows the CIS adjudicating cases filed on October 13, 2006.[Plaintiff's Exhibit #1].



Mohammad Zahid Aslam
937 N. VAN DORN St, Apt#200
Alexandria, VA 22304
Tel:(703) 212-9130
Cell:(703) 582-5820
zzahid@hotmail.com

duty to adjudicate the plaintiff's I-485 application; Nastroya v. Chertoff, No. 1:07cv190(E.D. VA) (Defendant's Motion to Dismiss Exhibit 3).

In the instant case, it cannot be concluded beyond a doubt that Defendants' delay is reasonable. Thus, a factual issue remains in Plaintiff's case as to whether the Defendants' Two Years and Eight months delay is reasonable or unreasonable.

Courts have also found jurisdiction under 28 U.S.C 1331 and the APA. Saleh v. Ridge, 367 F. Supp.2d 508(S.D.N.Y.2005); Wang v. Reno, No. 01 Civ. 1698(BSJ), 201 U.S. Dist. LEXIS 15577,(S.D.N.Y. Sept. 27,2001). The Administrative Procedures Act (APA) provides a cause of action when the government unreasonably delays action or fails to act altogether. 5 U.S.C 555(b) and 706(1). The APA states that federal courts can "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C 706(1). Agency action also includes the "failure to act." 5 U.S.C 551(13). The APA imposes a clear duty on Defendants to act on Plaintiff's application. Administrative agencies such as CIS do not have discretion to "avoid discharging the duties that Congress intended them to perform." Yu, 36F. Supp.2d at 931.

In addition, a general timing provision for agencies is provided within the APA at 5 U.S.C 555(b), which states that agency action should be concluded within a reasonable time. See Forest Guardians v. Babbitt, 174 F.3d 1178(10th Cir. 1999). Thus, although the INA statute does not provide a time line for adjudication of adjustment of status applications, the APA imposes such a requirement. As an officer of the United States, an immigration officer has a mandatory duty and obligation to also act within a reasonable period of time. 5 U.S.C. 555(b).

Six factors also assist the court in determining what is an unreasonable delay. They include 1)time agencies take to make decisions must be governed by the rule of reason;2)where Congress has provided a timetable or other indication of speed it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;3)delays that might be reasonable in the sphere of economic regulation are less tolerable when human heatlh and welfare are at stake;4)the court should consider the effect of expediting delayed action



Mohammad Zahid Aslam
937 N. VAN DORN St, Apt#200
Alexandria, VA 22304
Tel:(703) 212-9130
Cell:(703) 582-5820
zzahid@hotmail.com

on agency activities of a higher or competing authority;5)the court should also take into account the nature and extent of the interest prejudiced by delay; and 6)the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed. Yu, 36F. Supp. 2d at 934. Furthermore, the source of the delay is another factor in determining whether a delay is unreasonable, such as the complexity of the investigation and the defendant's own participation in the delay. Saleh, 367F.Supp.2d at 511-512; Bartoloni v. Ashcroft, 226F. Supp. 2d 350,354(D.Conn. 2002).

Defendants' contend in their summary judgment National Security Concerns and their responsibility to thoroughly conduct background checks on applications. The plaintiff is currently living and working in the United States. If there is some legitimate national security concern with the applicant currently living and working in the country, this surely militates in favor or prompt security checks, not in favor of delay. Cf. Toor v. Still, 2007 WL 2028407, at *2 (N.D. Cal. 2007) ("considering the fact that most applicants will be physically present in the United States, [permission of inaction] seems antithetical to national security interests"); Tang v. Chertoff, 493 F. Supp. 2d 148, 158 (D. Mass. 2007).[Plaintiff Exhitbit#2, pg 16].

Defendants' contend that delays in adjudication are due to Personnel and Resource Shortages [Defendants' Summary Judgment, pg 10]. This does not relieve the defendants' of their obligation to comply with their mandatory duties. Under the APA, a court "shall" compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C 706(1). The question of whether there are adequate resources to process the volume of name checks is a policy decision for the legislative and executive branches. Cf. Eldeeb v. Chertoff, 2007 WL 2209231, at *12(M.D. Fla. 2007).[Plaintiff's Exhibit # 2, pg. 17].

The Defendants' content that in essence Plaintiff is seeking court mandated preferential treatment because a grant of mandamus would compel the processing of their applications out of order and moved to the top of proverbial pile over other applicants who have waited even longer.(Defendants' Motion for Summary Judgment, pg 27). However, plaintiff is not seeking to jump ahead of others, but merely that the Defendants fulfill their duty to act on his application



Mohammad Zahid Aslam
937 N. VAN DORN St, Apt#200
Alexandria, VA 22304
Tel:(703) 212-9130
Cell:(703) 582-5820
zzahid@hotmail.com

for adjustment of status in a timely manner. In further support of their failure to act in a timely manner, Defendants' argue policy concerns that permitting mandamus acts would unfairly favor applicants with the means to file litigation actions.... Defendants' Motion for summary judgment, p. 27. However, without the relief of mandamus, immigration officers could withhold a decision unfettered or fail to exercise their discretion indefinitely. Mandamus actions provide an aggrieved party a last resort to challenge an agency's action or inaction. Defendant's argument that mandamus actions would allow for litigious applicants to be moved to the top could be used to argue against mandamus actions in general. However, Congress has provided through applicable provisions of the APA and the Mandamus Act that agencies should conclude matters before them within a reasonable time. Mandamus actions serve to highlight deficiencies in agency inaction whereby the federal courts may intervene.

A full Ninety percent historically of name checks are returned to the agency with a simple "No Record" in the UNI database with approximately (at the maximum) sixty days. (Defendants' Motion for summary judgment, pg 24). The Plaintiff has been waiting 2 years and 8 months (approx. 970 days). Sixteen Times more time then Ninety percent of the applicants. The Plaintiff is simply trying to get back into the queue. Thus, far from "cutting in line" or gaming for an unfair advantage vis-à-vis similar situated applicants (Plaintiff Exhibit 2, pg 18).

Defendants have failed to provide evidence showing that they acted diligently in adjudicating plaintiff's I-485 application. In their Supplement filing, Defendants included a declaration from Michael A. Cannon section chief of the FBI's National Names Check program section, in which Mr. Cannon simply states that Plaintiff's name check was submitted for check by USCIS on April 1st, 2005 which has not been completed and again on July 22, 2005 which has not been completed. On June 1, 2007 (1 business day before the defendants' deadline of 60 days to respond to the court) the plaintiff received a new fingerprint appointment from the USCIS. The old fingerprints had been expired for almost Eleven months (11 months). The old fingerprints had expired on July 5, 2006 per Susan P. Dibbins, The Field Office Director for USCIS (Declaration of Susan P. Dibbins p.4). Also On June 1, 2007 (1 business day before the



Mohammad Zahid Aslam
937 N. VAN DORN St, Apt#200
Alexandria, VA 22304
Tel:(703) 212-9130
Cell:(703) 582-5820
zzahid@hotmail.com

defendants' response day to the court until an extension was authorized on Monday 4th of June, 2007) the IBIS checks were once again initialized and concluded (Motion to Dismiss. pg 6). If any, law enforcement concerns are there to prevent the timely completion of the name check. Because Plaintiff has a clear right to the relief requested, Defendants have a clear duty to adjudicate Plaintiff's adjustment of status application, and no other adequate remedy is available, the relief of mandamus is warranted.

Defendants indicate that the FBI name check was requested by the CIS back in April 1, 2005 and that the case remains pending for the completion of the name check. Defendant's Motion to Dismiss, Declaration of Susan P. Dibbins and Michael Cannon. However, no explaination regarding the more than Two years and Eight months delay on the name check has been provided. The CIS has contracted out to a third party, the FBI, to conduct security and background checks on its behalf. The FBI's duty is therefore subsumed under that of the CIS. The CIS cannot merely shift blame to the FBI, as both are arms of the federal government. Paunescu, 76F. Supp. 2d at 903 n.2

CIS has issued a Fact Sheet regarding immigration security checks, such as FBI name checks, which states that initial responses to the name check take 2 weeks for which 80 percent no match is found. Of the remaining 20 percent, most are resolved within six months. Less than one percent of cases subject to an FBI name check remain pending longer than six months.( http://usinfo.state.gov/gi/Archive/2006/May/04-878088.html). Plaintiff's case appears to fall within this small percentage, and thus, it is well within CIS' ability to request an expedite on Plaintiff's case. Defendant's claim that "litigious applicants are more likely to be moved to the top of the proverbial pile over other applicants" in reality would not occur in cases such as this which are less than one percent of total cases. The CIS has accepted the filing of mandamus suits as a criterion for expediting security checks in the past and recent proposed legislation has also been introduced to generate a time line for FBI name checks.[2]

2. Citizenship promotion Act of 2007, introduced on March 7, 2007, would require that background checks for applicants seeking permanent residence or citizenship be completed in 90 days.



Mohammad Zahid Aslam
937 N. VAN DORN St, Apt#200
Alexandria, VA 22304
Tel:(703) 212-9130
Cell:(703) 582-5820
zzahid@hotmail.com

In a recent mandamus case decided before a District Court, where FBI name check caused a delay in processing, the court granted summary judgment compelling the defendants to adjudicate two I-485 applications. Singh v. Still, No. C 06-2458 EMC, 2006 WL 389817 (N.D.Cal. 2006). The Court found that the CIS had a duty to process the applications and the FBI had a duty to process the name checks within a reasonable time, regardless of who was responsible for the delay. The CIS in that case attempted to place the responsibility for the delay on the FBI's name check, but the Court noted that "even if the FBI were largely responsible for the delay as Respondents suggest, its conduct would properly be with the scope of the complaint herein". Singh, 2007 WL 389817 at *4. The Court further noted that "mere invocation of national security is not enough to render agency delay reasonable per se." Singh, 2007 WL 389817, at *5 [Plaintiff Exhibit # 3]. Likewise, the delay in the adjudication of Plaintiff's application in the instant case, specifically the name check itself, cannot be determined to be reasonable or unreasonable without a factual determination.

Plaintiff can demonstrate that Defendants owe him a duty to complete their adjudication within a reasonable time. Plaintiff filed his case over 2 Years and 8 months ago, and the Defendants have a duty to complete the adjudication of Plaintiff's adjustment of status application. As Plaintiff has complied with the requirements of eligibility under the statute, the responsibility for the delay rests entirely with Defendants. Defendants cannot merely hide behind FBI name checks to continue the interminable delay in Plaintiff's application. Absent the court's order, the application is likely to continue pending without decision (...At this point, the name check process becomes "Infinitely" more detailed (Defendants' Motion for Summary Judgment, pg 8). "The duty to act is no duty at all if the deadline is eternity" Action No. 07cv10231-NG, District of Massachusetts. and thus, plaintiff has no other adequate remedy available. The Mandamus Act and the APA provide a check on both the CIS and FBI for their failure to fulfill their duties, namely their failure to act within a reasonable time.



Mohammad Zahid Aslam
937 N. VAN DORN St, Apt#200
Alexandria, VA 22304
Tel:(703) 212-9130
Cell:(703) 582-5820
zzahid@hotmail.com

Plaintiff has been adversely affected by the delay in adjudication of his adjustment of status application, despite the fact that he has met statutory requirements for eligibility. Plaintiff has been damaged by being deprived of a decision for more than Two Years and Eight months; and by repeatedly applying and paying for extensions of employment authorization, as they are limited to increments not to exceed one year while the application is pending. 8CFR 274a.12(c)(9). Recent example of adverse action on plaintiff and his family's life was the expiration of his Employment Authorization card for one whole month and his work contract expiration almost during the same time. During this period of time, the plaintiff had faced two great obstacles: one, to have the Employment Authorization Card renewed (during the expiry period he could not seek any new job opportunity); and secondly to find a new job. Had the plaintiff's adjustment of status been adjudicated in a timely manner he would not have gone through the issue of expiry Employment authorization and would have sought new job opportunities right away, not to mention the requirement for many ordinary jobs being a "Legal Permanent Resident" at the least or a Citizen.

Plaintiff's interests fall within the zone of interest to be protected or regulated by the applicable immigration statute. Although the Defendants have discretion in the ultimate decision, they do not have the discretion to refuse to act in a reasonable time. The Plaintiff has a clear right to the relief requested and the defendant's have a clear duty to adjudicate Plaintiff's adjustment of status application, and no other adequate remedy is available, the relief of mandamus is warranted. The evidence considered in the light most favorable to the government, demonstrate, as a matter of law, that Defendants have unreasonably delayed in the processing of Plaintiff's adjustment of status application

## CONCLUSION

For the reasons set forth therein, Plaintiff respectfully request that the Court grant summary judgment in favor of the Plaintiff and a writ of mandamus be issued against all Defendants.



Mohammad Zahid Aslam
937 N. VAN DORN St, Apt#200
Alexandria, VA 22304
Tel:(703) 212-9130
Cell:(703) 582-5820
zzahid@hotmail.com

Date December 21, 2007

Respectfully submitted,

Mohammad Zahid Aslam

937 N. Van Dorn St, Apt#200
Alexandria, VA 22304
Tel:(703) 212-9130
Tel: (703)-582-5820
zzahid@hotmail.com

FILED
MAILROOM
DEC 2 7 2007
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Case No.: **Case No. 1:07CV331**

**USCIS File No. A 076 185 004**

**Plaintiff's Sworn Statement**

I Plaintiff, Mohammad Zahid Aslam respectfully state that all my statements in "Plaintiff's Motion for Summary Judgment" are true to the best of my knowledge.

Dated this 22nd day of Dec, 2007.

Mohammad Zahid Aslam

937 N. Van Dorn St, Apt#200
Alexandria, VA 22304
Tel:(703) 212-9130
Tel: (703)-582-5820
zzahid@hotmail.com

**Certificate of Service**

I hereby certify that on this date, a true copy of the foregoing was served to Defendants' Attorney by first-class mail address to

Dennis C. Barghaan, Jr.
Assistant U.S Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314

Date: December 22, 2007

Mohammad Zahid Aslam

937 N. Van Dorn St, Apt#200
Alexandria, VA 22304
Tel:(703) 212-9130
Tel: (703)-582-5820
zzahid@hotmail.com

Mohammad Zahid Aslam
937 N Van Dorn St # 200
Alexandria, VA 22304

7007 2680 0002 8842 2651

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL

7007 2680 0002 8842 2651

UNITED STATES POSTAL SERVICE

0000

22314

U.S. P
PAI
ALEXANDR
223
DEC 22
AMOU
$7
0002

PRIORITY MAIL
UNITED STATES POSTAL SERVICE®
Label 107R, February 2006 www.usps.com

RECEIVED
MAILROOM
DEC 2 7 2007
CLERK, U.S. DISTRICT
ALEXANDRIA, VIRG

Court Clerk

Albert V Bryan
US Courthouse
401 Courthouse Square
Alexandria, VA
22314