IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MOHAMMED ZAHID ASLAM,         )
                              )
         Plaintiff,           )
                              )
v.                            )   No. 1:07cv331 (LMB/BRP)
                              )
MICHAEL CHERTOFF, Secretary of the )
Department of Homeland Security,   )
et al.,                       )
                              )
         Defendants.          )

MEMORANDUM OPINION

In a memorandum opinion and order dated January 25, 2008, the Court held that the United States Citizenship and Immigration Services ("CIS") had unreasonably delayed in adjudicating plaintiff's application for adjustment of status and compelled specific agency action pursuant to 5 U.S.C. § 706(a).[1]  See Aslam v. Mukasey, -- F. Supp. 2d --, 2008 WL 220708 (E.D. Va. Jan. 25, 2008).  Specifically, the Court ordered that

> within eleven (11) days of the filed date of this order, United States Citizenship and Immigration Services ("CIS") instruct the Federal Bureau of Investigation ("FBI") to expedite its processing of plaintiff's name check.  If the FBI is unable to complete the name check within ninety (90) days, CIS shall direct the FBI to identify in detail the specific issues that are preventing the completion of the name check and CIS shall report those reasons to the Court. If the FBI completes the name check within that time period, CIS shall complete its adjudication of Aslam's application within sixty (60) days of receiving the

---

[1] The government correctly characterizes the order as an appealable final judgment.  See Fox v. Baltimore City Police Dep't, 201 F.3d 526, 530 (4th Cir. 2000) (observing that an order is "final" when "it has resolved all claims as to all parties").

FBI's report and shall file a certification informing the Court of the disposition.

The government has filed an Emergency Motion for Stay Pending Possible Appeal [46] or, in the alternative, a Motion for Enlargement of Time Within Which to Comply With Injunctive Order [47], seeking either a permanent stay of the required agency action or a stay of an additional 21 days to allow the government time to seek a stay from the Fourth Circuit. For the reasons stated below, the Court will deny the government's motion for a stay, but will partially grant its request for an enlargement of time.

## Motion for Stay

A party seeking to stay an order of injunctive relief must make four showings: "(1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay." Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970). The government can only meet the first of these four requirements.

A.  Likelihood of Success

As recognized in the memorandum opinion, a significant minority of district courts has accepted the government's view that federal courts lack subject matter jurisdiction over claims that the CIS has unreasonably delayed its adjudication of an

adjustment of status application. See Aslam, 2008 WL 220708, at *3 n.3. Even within this district, there is a difference of opinion about this issue. See Safadi v. Howard, 466 F. Supp. 2d 696 (E.D. Va. 2006); Patil v. Mueller, 2007 WL 1302752 (E.D. Va. Apr. 30, 2007). The split in authority demonstrates that reasonable jurists can disagree on the question of jurisdiction and, therefore, that there is some likelihood of success on the merits.

The government also argues that the drastic nature of the Court's remedy increases the likelihood of succeeding on the merits. See Gov't Mem. in Support at 10 ("[T]he vast majority of courts have simply directed – consistent with the provisions of the APA and the general mandamus statute – that USCIS either grant or deny the adjustment application in question within a time certain."). Contrary to the government's view, the Court ordered less drastic relief by deliberately avoiding any requirement that the CIS complete its adjudication of plaintiff's application before receiving the results of his name check.[2] Instead, the Order allows the CIS to request additional time for

---

[2] See Dibbins Decl. ¶ 5 ("It would be unconscionable and potentially risk the safety and security of the nation for USCIS to grant United States lawful permanent resident status to anyone without first ensuring that the government's law enforcement databases do not contain verified derogatory information about the alien.").

completion of the name check upon a showing of good cause.[3] The Court's order was narrowly tailored to remedy the existing situation – CIS's inability or unwillingness to take responsibility for, or provide any information about, the delay in completing plaintiff's name check. The narrow scope of the Order does not support the government's argument for a stay.

B.  Irreparable Harm

On the second prong, the government argues that a stay is necessary to preserve a live controversy for appellate review. However, the government fails to demonstrate how the CIS's compliance with the court-ordered relief would effectively preclude appellate review.

The record does not provide any information upon which to evaluate the expected processing times for the fourth stage of the FBI's name check process, or how those times would be impacted by an "expedite" request, and the Court has not mandated completion of the name check within a date certain. Accordingly, there is no basis upon which to conclude that the CIS's compliance with the Court's order will moot any appeal.

Even if the Order were stayed, there is no guarantee that the government's right to appeal would be preserved. Despite

---

[3] To the extent that any disclosure about the progress of the name check would reveal sensitive information, the Court would allow submission of pleadings under seal for ex parte review. See Aslam, 2008 WL 220908, at *7 n.9.

repeated requests from the Court, the CIS has not inquired into the status of plaintiff's name check. For all the agency knows, the FBI could return the results of plaintiff's name check next week under its "first-in, first-served" processing policy, thereby mooting the appeal.[4]

Given the paucity of information in the record, the Court cannot conclude that a stay is necessary or sufficient to preserve the government's interest in maintaining a live controversy.

C.  Harm to Plaintiff

The government correctly acknowledges the continued difficulties that plaintiff and his family will incur with a stay. And plaintiff has argued in his Opposition to any stay that he is unable to accompany his mother to her upcoming knee surgery, nor can he visit a gravely-ill grandfather who resides outside of this country.

D.  Public Interest

The government asserts that the public interest favors a stay to allow the Fourth Circuit an opportunity to resolve the split among courts in this district. However, this argument constitutes a restatement of the second prong of the Long test and, for the reasons already discussed, is rejected. Moreover,

---

[4] The Court assumes that, upon receipt of the name check, the CIS would not deliberately delay a final adjudication for the sole purpose of maintaining a live controversy.

there is a strong public interest in efficient responses to applications of adjustment of status. Because the government has failed to make a sufficient showing for a stay, the motion will be denied.

In the alternative, the government requests an additional 21 days for compliance with the Order while it seeks a stay from the Fourth Circuit. The Court concludes that a stay of 14 days is more than sufficient for the government to prepare its stay application, and will not unduly harm the plaintiff.

## Conclusion

For these reasons, defendants' Emergency Motion for Stay Pending Possible Appeal will be DENIED and defendants' Motion for Enlargement of Time Within Which to Comply With Injunctive Order will be GRANTED. A separate order consistent with this memorandum opinion will be entered.

Entered this 4th day of February, 2008.

/s/
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia